John B. Chinnery et al., as Trustees of William Kennedy Construction Company, Inc., Respondents, *v.* Kennosset Realty Co., Inc., Appellant.

Argued June 3, 1941; decided July 29, 1941.

*C. Elmer Spedick* and *Arthur L. Reuter* for appellant. A debtor must protect security given for a loan. (*Work* v. *Tibbits*, 87 Hun, 352; *Furness* v. *Union Nat. Bank*, 147 Ill. 570; *McNeil* v. *Cobb*, 186 App. Div. 177; *King* v. *Van Vleck*, 109 N. Y. 363; *Jackson* v. *American Cigar Box Co.*, 141 App. Div. 195.) There was no evidence from which the jury could have inferred an agreement to reimburse the construction company. (*Miller* v. *Schloss*, 218 N. Y. 400; *Collyer* v. *Collyer*, 113 N. Y. 442; *Matter of Altman*, 149 Misc. Rep. 115; *Pauley* v. *Steam Gauge & Lantern Co.*, 131 N. Y. 90; *Von Reitzenstein* v. *Tomlinson*, 249 N. Y. 60; *Bank of United States* v. *Manheim*, 264 N. Y. 45; *Ford* v. *McAdoo*, 231 N. Y. 155; *Matter of Case*, 214 N. Y. 199; *Kelly* v. *Nassau El. R. R. Co.*, 227 N. Y. 39.)

*George J. Hirsch* and *Elliot L. Krause* for respondents. Bankrupt paid defendant's obligations upon requests made by defendant, and as a result of threats made to bankrupt. (*Treece State Bank* v. *Wade*, 283 S. W. Rep. 714; *Kennedy* v. *Conrad*, 91 Mont. 356.) Under the doctrine of subrogation, plaintiffs are entitled to recover of defendant moneys paid by the bankrupt in discharge of defendant's debts. (*Cole* v. *Malcolm*, 66 N. Y. 363; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137; *Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418.) Defendant was and is the record and actual owner of the Syosset property. As owner, it was liable for the cost of maintaining and preserving its own property. (*Brock* v. *Poor*, 216 N. Y. 387; *Matter of Vannier* v. *Anti-Saloon League*, 238 N. Y. 457.) There was no obligation on the part of the bankrupt to pay defendant's debts. Bankrupt was not indebted to defendant, nor did it have any interest in it. (*Rapid Transit Subway Constr. Co.* v. *City of New York*, 250 N. Y. 472.) The jury's verdict in favor of plaintiffs was supported by evidence that bankrupt paid defendant's debts upon the request of defendant and as a result of threats of suit made to bankrupt. (*Wylde* v. *Northern R. R. Co. of New Jersey*, 53 N. Y. 156; *Brock* v. *Poor*, 216 N. Y. 387; *Jackson* v. *Hooker*, 76 N. J. Eq. 592.)

Lewis, J. The plaintiffs, as liquidating trustees of William Kennedy Construction Company, Inc.— to which reference will be made as Construction Company — have thus far sustained the right which they assert in this action to recover from the defendant corporation moneys paid by Construction Company, prior to its bankruptcy, for the alleged benefit of the defendant. We have granted to the defendant permission to appeal from a judgment entered upon an order of the Appellate Division which unanimously affirmed a judgment of Trial Term entered upon a jury's verdict in favor of the plaintiffs.

In 1933 William Kennedy, William Kennedy, Jr., and Katherine Kennedy Babcock each owned a one-third interest in a country estate of seventy acres at Syosset, Long Island.

At the same time Construction Company, and its only stockholders William Kennedy and William Kennedy, Jr., were heavily indebted to Title Guarantee and Trust Company. When the Trust Company demanded security for an extension of the loan the obligors had no property which could then be pledged except the two-thirds interest owned by William Kennedy and William Kennedy, Jr., in the Syosset property. Recognizing the fact that to mortgage the Syosset property would jeopardize their position with their creditors, the two Kennedys, with the co-operation of Katherine Kennedy Babcock, arranged to form the defendant corporation, Kennosset Realty Co., Inc., for the purpose of holding the title to the Syosset property. The stock in the new corporation was then divided and issued to the two Kennedys and Mrs. Babcock in equal parts and thereafter the three owners pledged the entire stock issue to the Trust Company as the additional security required by the bank for the debt owed by Construction Company and the two Kennedys. A fact important to our present inquiry is that at no time was either William Kennedy or William Kennedy, Jr., an officer or director of the defendant corporation.

It also appears that, for a period of years prior to the incorporation of the defendant, Construction Company had paid from its funds the taxes, repairs, insurance and other expenses connected with the maintenance of the Syosset property. After the defendant was incorporated, Construction Company continued to pay the maintenance expenses as in former years. In 1935 a default occurred in payments due from Construction Company and the two Kennedys upon their debt to the Trust Company. That default led to a sale by the Trust Company of the defendant corporation's stock which had been pledged as collateral. Then followed proceedings in which Construction Company was adjudicated bankrupt. In due time the plaintiffs were appointed liquidating trustees and thereafter commenced the present action against the defendant corporation to recover, as alleged assets of the bankrupt, the payments

made by Construction Company, prior to its bankruptcy, for taxes, fire insurance and other items for the maintenance of the Syosset estate. Upon the trial of the action the defendant corporation introduced no evidence. However, appropriate and timely motions in its behalf were made to dismiss the complaint and for the direction of a verdict in its favor. The defendant's right to challenge the denial of those motions is preserved by exceptions duly taken.

The plaintiffs, as respondents upon this appeal, argue in support of the judgment that the payments by Construction Company were for the use and benefit of the defendant corporation and were made upon its request or in its behalf; that as to such requests the law implies a promise of repayment by the defendant.

We find in the record no evidence of an authorized request by the defendant that the payments here in suit and claimed to be for its benefit, should be made by Construction Company. It is not disputed that such payments were made upon the direction of "either Mr. Kennedy, Jr., or Mr. Kennedy, Sr." — the routine being that one of them would hand to the employee in charge of Construction Company's books the bill to be paid, with the direction: "Pay this. Charge it to Syosset." It also appears that "Syosset" was the caption of the account, upon the books of Construction Company, in which were entered: "All the expenses and carrying charges of the property at Syosset." The defendant's obligation, if any, to reimburse Construction Company for these payments must be determined as of the time the payments were made. Those payments were made between October, 1934, and November, 1936. At that time and at all times, as we have seen, neither William Kennedy nor William Kennedy, Jr., was an officer of the defendant corporation. They were, however, officers and owned the entire outstanding stock of Construction Company. Accordingly they had authority to direct Construction Company to make such payments — as they had done for a long period of years. They had, however, no authority, and no evidence of authorization appears in the record, upon

which the jury could find that the defendant had requested Construction Company to make such payments.

It is suggested that there is evidence that in some instances payments of taxes and insurance due upon the Syosset property were made in response to a request for such payments by a representative of the Trust Company. But such evidence is not enough to charge the defendant corporation with the obligation to repay Construction Company. There is no proof that the Trust Company representative who made the requests was then an officer of the defendant corporation; nor is there proof that he was authorized by the defendant to make such a request in its behalf. In that connection the fact must not be overlooked that Construction Company was one of the three obligors upon the debt due the Trust Company for which the stock of the defendant was pledged as collateral. When demands were made by the Trust Company through its representative for the payment of taxes and insurance upon the Syosset property, there was nothing in the fact that Construction Company made such payments which served to obligate the defendant corporation to reimburse Construction Company. It was beneficial to Construction Company — a debtor of the Trust Company — to comply with proper demands by its creditor.

There is no evidence that the practice by Construction Company, relating to its payment of the maintenance expenses of the Syosset property after the incorporation of the defendant, differed in any particular from that which prevailed before the defendant corporation was formed. It is undisputed that prior to 1934 bills for the maintenance of the Syosset property were paid from the funds of Construction Company, such payments being made by the direction of William Kennedy, or William Kennedy, Jr. Although evidence is not lacking that the same routine prevailed after 1934, we note the additional fact that the verified complaint herein demanded of the defendant corporation the repayment to the plaintiffs of disbursements by Construction Company between July, 1934, and November, 1936, which amounted in all to $27,573.96, of which many items are for

personal service and supplies furnished to the occupants of the Syosset estate. True it is, that upon the trial the plaintiffs amended the complaint by striking out many items covering payments by Construction Company for supplies and personal service furnished at the Syosset estate. But we fail to find in the record any evidence from which a jury could find that, when the two Kennedys, as officers of Construction Company, directed that company to make the payments here in suit, there was an expectation that Construction Company would be reimbursed by the defendant.

In the circumstances shown by the record payments made for the maintenance of the Syosset property constituted Construction Company a volunteer. The lack of proof of authority in either William Kennedy or William Kennedy, Jr., on behalf of the defendant corporation, to request that such payments be made, defeats the plaintiffs' right to recover herein. "A contract cannot be implied *in fact* where the facts are inconsistent with its existence; * * * or against the intention or understanding of the parties; * * * The assent of the person to be charged is necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted." (*Miller* v. *Schloss*, 218 N. Y. 400, 406, 407.)

The judgments should be reversed and the complaint dismissed, with costs in all courts. (See 286 N. Y. 701.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.