WILLIAM J. GOLDBECK, Administrator c. t. a. of EDGAR B. McCONNELL, Deceased, Respondent, v. PAUL M. CANTWELL, as Trustee in Bankruptcy of RESTMOR REALTY & IMPROVEMENT CORP., Appellant.

First Department, February 13, 1942.

*Michael J. Larkin* of counsel [*George B. Grow* with him on the brief; *Michael J. Larkin*, attorney], for the appellant.

*Jacob J. Alexander* of counsel [*Alexander & Schwach*, attorneys], for the respondent.

O'MALLEY, J. The referee did not have the benefit of the decision of the Court of Appeals in *Chinnery* v. *Kennosset Realty Company* (286 N. Y. 167) when the decision herein was made. In our view, that decision is determinative of the question of law presented. It is sought to be distinguished upon the ground that the individuals in the case cited, whose acts it was claimed were sufficient to bind the defendant, were neither directors nor officers of such corporation, whereas in this case plaintiff's deceased, McConnell, was not only a director but secretary and treasurer of the corporation sought to be charged. Assuming this distinction, we still are of the opinion that there was insufficient evidence to justify a finding that defendant's corporation, expressly or impliedly, requested advancement of the moneys or agreed to repay them.

Plaintiff's deceased evidently treated the Tupper Lake property no differently after title thereto had been transferred to defendant's corporation than he had prior thereto. The bills were sent to him. There was no evidence of indebtedness given by the corporation, much less a request for expenditures to be made on its behalf. Bills were rendered to the deceased and paid actually out of his own funds. The corporation, if it had books, apparently did not carry these expenditures as its obligations. These facts in connection with all the evidence lead to the conclusion that the corporation had not assented to the incurring of any obligation or so conducted itself that assent could fairly be inferred.

Under such circumstances, defendant's corporation was not liable. (*Chinnery* v. *Kennosset Realty Company*, *supra; Miller* v. *Schloss*, 218 N. Y. 400, 407.)

It follows, therefore, that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.